UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | |
|---|---|
| HK CHANGSHENG LTD. (d.b.a. NILIGHT) | **JURY TRIAL DEMANDED** |
| Plaintiff, | |
| v. | |
| THE INDIVIDUALS, CORPORATIONS, | Civil Action No. 1:26-cv-945 |
| LIMITED LIABILITY COMPANIES, | |
| PARTNERSHIPS AND UNINCORPORATED | |
| ASSOCIATIONS IDENTIFIED | |
| ON SCHEDULE A HERETO) | |
| Defendants. | |

## COMPLAINT

Plaintiff, HK CHANGSHENG LTD. ("Plaintiff"), through undersigned counsel, hereby complain of the Individuals, Corporations, Partnerships, Unincorporated Associations and others identified in Schedule A[1] attached hereto (collectively, "Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1.      Plaintiff uses and is the owner of several federal registered trademarks used in

---

[1] Plaintiffs intend to file a motion to file Schedule A under seal.

connection with various products, including U.S. Trademark Registration Nos. 4936628, 4612664, and 5424130 (hereinafter, the "NILIGHT Trademarks"). A true and correct copy of the registration certificates for Plaintiff's Trademarks are attached as **Exhibit A**.

2.      This action has been filed by Plaintiff to combat e-commerce store operators who trade upon Plaintiff's reputation and goodwill by selling and/or offering for sale products using infringing and counterfeit versions of Plaintiff's registered Marks ("Unauthorized Products").

3.      Defendants use and operate fully interactive e-commerce stores[2] operating under the seller aliases identified in Schedule A attached hereto, which is filed under seal (the "Seller Aliases").

4.      Defendants create e-commerce stores operating under one or more Seller Aliases that are advertising, offering for sale, and selling the Unauthorized Products to unknowing consumers.

5.      E-commerce stores operating under the Seller Aliases share unique identifiers, establishing a logical relationship between them and that Defendants' counterfeiting operation arises out of the same transaction, occurrence, or series of transactions or occurrences.

6.      Defendants attempt to avoid and mitigate liability by operating under one or more Seller Aliases to conceal both their identities and the full scope and interworking of their counterfeiting operation.

7.      Plaintiff is forced to file this action to combat Defendants' counterfeiting of the NILIGHT Trademarks, as well as to protect unknowing consumers from purchasing Unauthorized

---

[2] The E-commerce store urls are listed on Schedule A under the Defendant's "Online Marketplace."

Products over the Internet.

8.      Defendants further utilize images from Plaintiff's website in conjunction with the sale of products with the same or similar appearance as those sold by Plaintiffs, further causing confusion among customers.

9.      Plaintiff has been and continues to be irreparably damaged through consumer confusion, dilution, and tarnishment of his valuable trademarks as a result of Defendants' actions and seeks injunctive and monetary relief.

## JURISDICTION AND VENUE

16.      This is an action seeking damages and injunctive relief for trademark counterfeiting and infringement, false designation of origin under the Lanham Act, common law unfair competition; common law trademark infringement pursuant to 15 U.S.C. §§ 1114, 1116, 1121, 1125(a), &1125(c); The All-Writs Act, 28 U.S.C. § 1651(a); and 15 U.S.C. § 1051 *et seq*.

17.      This Court has subject matter jurisdiction pursuant to 15 U.S.C. §§ 1114, 1125(a) & 1125(c); 15 U.S.C. § 1121; and 28 U.S.C. §§ 1331 & 1338.

18.      This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the state law claims, because the claims are so related to the trademark claims in this action, over which this Court has original jurisdiction, that they form part of the same case or controversy under Article III of the United States Constitution.

19.      Defendants are subject to personal jurisdiction in this District because they direct business activities toward and conduct business with consumers throughout the United States, including within the State of Texas and this District through at least the Internet based e-commerce stores and fully interactive commercial Internet websites accessible in Texas and operating under the Seller Allias. Upon information and belief, Defendants infringe Plaintiff's trademarks in this

3

District by advertising, using, selling, promoting and distributing counterfeit trademark goods through such Internet based e-commerce stores and fully interactive commercial Internet websites. Also, upon information and belief, Defendants are foreign residents purposefully availing themselves of the United States to perpetuate their unlawful activity, and Defendants have not consented to jurisdiction in another state, thus personal jurisdiction is also proper pursuant to Fed. R. Civ. P. 4(k)(2).

20.     Venue is proper in this District pursuant 28 U.S.C. § 1391 since Defendants are, upon information and belief, foreign entities engaged in infringing activities and causing harm within this District by advertising, offering to sell, selling and/or shipping infringing products into this District.

## THE PLAINTIFF

21.     Plaintiff HK CHANGSHENG LTD. is a limited liability company in China with its principal place of business located at ROOM F 6/F MEGA CUBE NO.8 WANG KWONG ROAD KOWLOON HONG KONG.

22.     Plaintiff HK CHANGSHENG LTD. develops, markets, and sells automotive products and accessories under its NILIGHT brand. NILIGHT'S product line is extensive and includes LED light bars, work lights, driving lights, headlights, fog lights, auxiliary lighting,

 

wiring harness kits, mounting brackets, and other automotive electrical accessories. In addition, NILIGHT offers related products such as fuses, relays, switches, converters and other automotive

parts and tools that complement its lighting systems. Through its official online store, www.nilight.com, and its authorized eBay store "nilightshop," Plaintiff distributes genuine NILIGHT products to consumers throughout the United States. NILIGHT has established a strong reputation among U.S. consumers for producing affordable, durable, and high-quality automotive products. Plaintiff HK CHANGSHENG LTD. is the owner of the U.S. trademark registrations for NILIGHT and is the official source of certain NILIGHT products in the United States, which include the following:

23.    Plaintiff is the owner of U.S. Trademark Registration Nos. 4936628, 4612664, and 5424130 (hereinafter, the "NILIGHT Trademarks"). The Registrations are valid, subsisting, and in full force and effect. True and correct copies of the federal trademark registration certificates for the NILIGHT Trademarks are labeled below in Table 1:

**Table 1**

| Registration Number | Registered Trademark | International Classes |
|---|---|---|
| 4936628 | Nilight | 011 |
| 4612664 | Nilight | 011 |
| 5424130 | NILIGHT | 011 |

24.    The NILIGHT Trademarks are distinctive and identify the merchandise as goods

from Plaintiff. The registrations for the NILIGHT Trademarks constitute prima facie evidence of their validity and of Plaintiff's exclusive right to use the NILIGHT Trademarks pursuant to 15 U.S.C. § 1057(b).

25.     The NILIGHT marks are and have been the subject of substantial and continuous marketing and promotion by Plaintiff in the industry and to consumers. Plaintiff has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the NILIGHT Trademarks. Plaintiff's promotional efforts include — by way of example, but not limitation — substantial website and social media sites and point of sale materials. As a result, products bearing the NILIGHT Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being products sourced from Plaintiff.

## THE DEFENDANTS

26.     Defendants are individuals and/or business entities of unknown makeup, each of whom, upon information and belief, either reside and/or operate in foreign jurisdictions, or redistribute products from the same or similar sources in those locations and/or ship their goods from the same or similar sources in those locations to shipping and fulfillment centers within the United States to redistribute their products from those locations. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b). Defendants target their business activities towards consumers throughout the United States, including within this district through the operation of Internet based e-commerce stores via Internet marketplace websites under the Seller Alias.

27.     Defendants are the past and present controlling forces behind the sale of products under counterfeits and infringements of Plaintiff's trademarks as described herein using at least the Seller Alias.

6

28.    Upon information and belief, Defendants directly engage in unfair competition by advertising, offering for sale, and selling goods bearing one or more of Plaintiff's trademarks to consumers within the United States and this District through Internet based e-commerce stores using, at least, the Seller Alias and additional seller identification aliases and domain names not yet known to Plaintiff. Defendants have purposefully directed some portion of their illegal activities towards consumers in the State of Texas through the advertisement, offer to sell, sale, and/or shipment of counterfeit and infringing goods into the State. An example of Defendants' infringing activities are shown below:





29.    Defendants have registered, established or purchased, and maintained their Seller Alias. Upon information and belief, Defendants may have engaged in fraudulent conduct with respect to the registration of the Seller Aliases.

30.    Upon information and belief, some Defendants have registered and/or maintained their Seller Aliases for the sole purpose of engaging in illegal counterfeiting activities.

31.     Upon information and belief, Defendants will continue to register or acquire new seller identification aliases and domain names for the purpose of selling and offering for sale goods bearing counterfeit and confusingly similar imitations of one or more of Plaintiff's trademarks unless preliminarily and permanently enjoined.

32.     Plaintiff has not licensed or authorized Defendants to use the NILIGHT Trademarks, and none of the Defendants are authorized retailers of genuine NILIGHT products.

33.     Defendants use their Internet-based businesses in order to infringe the intellectual property rights of the Plaintiff.

34.     Defendants' business names, *i.e.*, the Seller Aliases, associated payment accounts, and any other alias seller identification names used in connection with the sale of counterfeit and infringing goods bearing one or more of Plaintiff's trademarks are essential components of Defendants' online activities and are one of the means by which Defendants further their counterfeiting and infringement scheme and cause harm to Plaintiff. Moreover, Defendants are using Plaintiff's famous trademarks to drive Internet consumer traffic to their e-commerce stores operating under the Seller Aliases, thereby increasing the value of the Seller Aliases and decreasing the size and value of Plaintiff's legitimate marketplace and intellectual property rights at Plaintiff's expense.

35.     Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their counterfeit network. If Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

## GENERAL FACTURAL BACKGROUND

*Plaintiff's Products Branded Under the NILIGHT Trademarks*

8

36.     Plaintiff NILIGHT is a prominent seller and distributor of affordable automative products and accessories. NILIGHT offers a variety of high-quality products intended for use on a range of automotive vehicles, including the popular car brand Jeep and other All-Terrain Vehicles ("ATVs"). NIGHLT uses raw materials to engineer outstanding products with an eye towards precision and craft, ensuring unbreakable illumination for even the darkest frontiers. NILIGHT's primary goal is to design and manufacture LED lighting products with outstanding value for international clients.

37.     NILIGHT's LED lighting products are unique in that they offer over 50,000-hour life-spans, are waterproof, and are built with meticulously selected raw materials to withstand the toughest terrains and ensure durability. Customers depend on NILIGHT's quality control when purchasing from the company.

38.     As of 2023, NILIGHT is the #1 retailer of Amazon LED Lights Bars, comprising 70% of the market share. NILIGHT also has 99.7 percent positive customer feedback on eBay.

39.     Plaintiff is the owner of all rights, title, and interest in and to, inter alia, the NILIGHT Trademarks. The registrations are valid, subsisting, unrevoked, and uncancelled pursuant to 15 U.S.C. § 1065. The registrations for the NILIGHT Trademarks constitute prima facie evidence of validity and of Plaintiff's exclusive right to use the NILIGHT Trademarks pursuant to 15 U.S.C. § 1057(b).

40.     Plaintiff has marketed, advertised, sold, and offered for sale Plaintiff's Products under the NILIGHT Trademarks through at least their website www.nilight.com.

41.     The NILIGHT Trademarks have been used exclusively and continuously by Plaintiff and have never been abandoned.

42.     The trademark registrations constitute *prima facie* evidence of each of the

NILIGHT's Marks' validity and of Plaintiff's exclusive right to use the NILIGHT Trademarks pursuant to 15 U.S.C. § 1057(b).

43.     The NILIGHT Trademarks are distinctive when applied to Plaintiff's Products, signifying to the purchasers that the products come from Plaintiff and are manufactured to Plaintiff's quality standards. Whether Plaintiff manufacturers the products itself or contracts with others to do so, Plaintiff has ensured that products bearing the NILIGHT Trademarks are manufactured to the highest quality standards.

44.     Based on the NILIGHT Trademarks having been in continuous and substantially exclusive use, as well as being the subject of the expenditure of substantial resources in promoting and advertising the NILIGHT Trademarks, it is recognized as indicators of source for Plaintiff's Products, and are the embodiments of the substantial and valuable goodwill associated with Plaintiff's Products, and Plaintiff's customer services respecting his products.

45.     Through his marketing, diligence, services and commitment to excellence, Plaintiff has established a celebrated and high-distinguished brand.

46.     The NILIGHT Trademarks are a critical component of consumer's ability to readily identify Plaintiff's Products.

47.     The NILIGHT Trademarks are extremely valuable assets of Plaintiff.

48.     Plaintiff maintains authorizes sellers of products that utilize his trademarks for the

49.     By only permitting authorized sellers to use and sell Plaintiff's Products in the United States, Plaintiff is able to maintain control over the seller's quality commitments, customer service requirements, and product handling. These restrictions are important and valuable to Plaintiff to ensure that customers of Plaintiff's Products not only receive genuine goods, but also enjoy the appropriate high level of service and customer care that is represented by the NILIGHT

Trademarks and its good will. It also ensures that Plaintiff is able to provide sufficient inventory to its authorized sellers so that the sellers are able to fulfill orders for the product, and not cancel orders.

50.    Plaintiff uses and is the owner of a website, which he has been using continuously since he has been using the NILIGHT Trademarks, where Plaintiff markets, advertises, sells, and offers for sale Plaintiff's Products under the NILIGHT Trademarks ("Plaintiff's Website").

51.    Plaintiff has made substantial effort in protecting his interests in the NILIGHT Trademarks. Only Plaintiff and Plaintiff's licensees and/or individuals or businesses he expressly authorizes are entitled to manufacture, import, export, advertise, offer for sale, derive from, or sell any goods utilizing or featuring the NILIGHT Trademarks.

52.    Plaintiff has not licensed or authorized any Defendant to manufacture, import, export, advertise, offer for sale, derive from, or sell any goods utilizing or featuring the NILIGHT Trademarks

### Defendants' Wrongful Acts

53.    The success of the Plaintiff's brand has resulted in its significant counterfeiting.

54.    Plaintiff regularly investigates suspicious e-commerce stores identified in proactive Internet sweeps and reported by consumers.

55.    Recently, Plaintiff has identified numerous fully interactive e-commerce stores, including those operating under the Seller Aliases, which were offering for sale and/or selling Unauthorized Products to consumers in this Judicial District and throughout the United States. E-commerce sales, including through e-commerce stores like those of Defendants, have resulted in an increase in the shipment and importation of unauthorized products into the United States.

56.    Third party service providers like those used by Defendants do not adequately

11

subject new sellers to verification and confirmation of their identities, allowing counterfeiters to routinely use false or inaccurate names and addresses when registering with these e-commerce platforms. Since platforms generally do not require a seller on a third-party marketplace to identify the underlying business entity, counterfeiters can have many different profiles that can appear unrelated even though they are commonly owned and operated.

57.    Defendants have targeted sales to Texas residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Texas, accept payment in U.S. dollars and have sold Unauthorized Products to one or more residents of Texas.

58.    Defendants concurrently employ and benefit from substantially similar advertising and marketing strategies. For example, Defendants facilitate sales by designing the e-commerce stores operating under the Seller Aliases so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. E-commerce stores operating under the Seller Aliases appear sophisticated and accept payment in U.S. dollars via credit cards, Alipay, and/or PayPal. E-commerce stores operating under the Seller Aliases often include content and images that make it very difficult for consumers to distinguish such stores from an authorized retailer.

59.    Plaintiff has not licensed or authorized Defendants to use the NILIGHT Trademarks and none of the Defendants are authorized retailers of Plaintiff's Products.

60.    More specifically, Defendants are not authorized sellers of Plaintiff's Products in the Unites States. Defendants operate outside of Plaintiff's authorized seller network and are not subject to the same levels of control and requirements as Plaintiff's authorized sellers. Because of that, Plaintiff is not able to demand the same level of customer care and product handling that it

can of its authorized sellers. As a consequence, customers purchasing from Defendants can have negative purchasing experiences which damages Plaintiff, its brand, and its good will.

61.     Defendants know that they are not authorized dealers of Plaintiff's Products, and through the use of the NILIGHT Trademarks, intend to induce customers to purchase from them, rather than from authorized dealers thereby damaging Plaintiff including by damaging Plaintiff's ability to maintain its authorized dealer network and the quality controls associated with it.

62.     Many Defendants also deceive unknowing consumers by using the NILIGHT Trademarks without authorization within the content, text, and/or meta tags of their e-commerce stores to attract various search engines crawling the Internet looking for websites relevant to consumer searches for Plaintiff's Products.

63.     Some Defendants display their products in packaging that appears similar to the product packaging used to sell genuine products under the NILIGHT Trademarks. The false packaging is further effort to confuse customers that believe they have purchased genuine products and is intended by Defendants to try and pass off the infringing products while evading detection.

64.     Defendants routinely sell their infringing products at price points that are well below the value of Plaintiff's Products. The reduced prices, packaging and product images, and use of the NILIGHT Trademarks are used by Defendants to trick customers into purchasing an infringing and inferior product.

65.     Plaintiff extensively researches the market and identifies those entities, such as Defendants, that are not approved vendors of Plaintiff's Products.

66.     Defendants are not approved vendors.

67.     Defendants' sales of products at below value prices further establish Defendants' products are counterfeit.

68.     E-commerce store operators like Defendants commonly engage in fraudulent conduct when registering the Seller Aliases by providing false, misleading and/or incomplete information to e-commerce platforms to prevent discovery of their true identities and the scope of their e-commerce operation.

69.     E-commerce store operators like Defendants regularly register or acquire new seller aliases for the purpose of offering for sale and selling Unauthorized Products. Such seller alias registration patterns are one of many common tactics used by e-commerce store operators like Defendants to conceal their identities and the full scope and interworking of their counterfeiting operation, and to avoid being shut down.

70.     Even though Defendants operate under multiple fictitious aliases, the e-commerce stores operating under the Seller Aliases often share unique identifiers, such as templates with common design elements that intentionally omit any contact information or other information for identifying Defendants or other Seller Aliases they operate or use. E-commerce stores operating under the Seller Aliases include other notable common features such as use of the same registration patterns, accepted payment methods, check-out methods, keywords, advertising tactics, similarities in price and quantities, the same incorrect grammar and misspellings, and/or the use of the same text and images. Additionally, Unauthorized Products for sale by the Seller Aliases bear similar irregularities and indicia of being counterfeit to one another, suggesting that the Unauthorized Products were manufactured by and come from a common source and that Defendants are interrelated.

71.     On information and belief, E-commerce store operators like Defendants are in

14

regular communication with each other and regularly participate in QQ.com[3] chat rooms and through websites such as sellerdefense.cn, kaidianyo.com and kuajingvs.com regarding tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

72.    Counterfeiters such as Defendants typically operate under multiple seller aliases and payment accounts so that they can continue operation despite Plaintiff's enforcement. E-commerce store operators like Defendants maintain off-shore bank accounts and regularly move funds from their financial accounts to off-shore accounts outside the jurisdiction of this Court to avoid payment of any monetary judgment awarded to Plaintiff. Indeed, it has been reported that financial transaction logs from previous cases involving claims similar to the present claims indicate that off-shore counterfeiters regularly move funds from U.S.-based financial accounts to off-shore accounts outside the jurisdiction of this Court.

73.    On information and belief, Defendants are working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Unauthorized Products in the same transaction, occurrence, or series of transactions or occurrences.

74.    Defendants, without any authorization or license from Plaintiff, have jointly and severally, knowingly and willfully used and continue to use the NILIGHT Trademarks in connection with the advertisement, distribution, offering for sale, and sale of Unauthorized Products into the United States and Texas over the Internet.

75.    Defendants' unauthorized use of the NILIGHT Trademarks in connection with the advertising, distribution, offering for sale, and sale of Unauthorized Products, including the sale of

---

[3] QQ.com is one of the largest internet service providers in China. The service also provides instant messaging, email, and social media networking services.

Unauthorized Products into the United States, including Texas, is likely to cause and has caused confusion, mistake, and deception by and among consumers.

76. Defendants' wrongful acts and/or willful infringements have caused and will continue to cause irreparable harm to Plaintiff unless permanently enjoined, for which Plaintiff has no adequate remedy at law. Defendants are profiting and will continue to profit from their unlawful actions.

77. Defendants' unlawful actions are causing and will continue to cause Plaintiff monetary damages in an amount presently unknown, but to be determined at trial.

**COUNT I TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)**

78. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

79. This is a trademark infringement action against Defendants based on their unauthorized use in commerce of counterfeit imitations of the federally registered NILIGHT Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods.

80. The NILIGHT Trademarks are highly distinctive.

81. Consumers have come to expect the highest quality from products offered, sold or marketed under the NILIGHT Trademarks.

82. The Defendants identified in Schedule A have sold, offered to sell, marketed, distributed, and advertised, and are still actually or planning on selling, offering to sell, marketing, distributing, and advertising products using counterfeit reproductions of the NILIGHT Trademarks without Plaintiff's permission.

83. Plaintiff's United States Registrations for the NILIGHT Trademarks (Exhibit A) is

16

in full force and effect.

84.	On information and belief, Defendants have knowledge of Plaintiff's rights in the NILIGHT Trademarks, and are willfully infringing and intentionally using infringing and counterfeit versions of the NILIGHT Trademarks.

85.	Defendants' willful, intentional and unauthorized use of the NILIGHT Trademarks are likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Unauthorized Products among the general public.

86.	Defendants' activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

87.	Plaintiff has no adequate remedy at law, and if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of the NILIGHT Trademarks.

88.	The injuries and damages sustained by Plaintiff have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Unauthorized Products.

## COUNT II FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

89.	Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

90.	With respect to the Defendants identified in Schedule A, Defendants' promotion, marketing, offering for sale, and sale of Unauthorized Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendants' Unauthorized Products by Plaintiff.

17

91.     By using the NILIGHT Trademarks in connection with the sale of Unauthorized Products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Unauthorized Products.

92.     Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Unauthorized Products to the general public involves the use of counterfeit marks and is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

93.     Plaintiff has no adequate remedy at law and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the associated goodwill of the Plaintiff's brand.

### COUNT III TRADEMARK DILUTION (15 U.S.C. § 1125(c))

94.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

95.     The NILIGHT Trademarks are inherently distinctive, have acquired substantial goodwill and secondary meaning and are famous within the meaning of 15 U.S.C. § 1125(c).

96.     Defendants are distributing and/or selling products bearing the NILIGHT Trademarks.

97.     Upon information and belief, Defendants acted with knowledge of the fame and reputation of NILIGHT's Trademarks with the purpose of usurping such rights and to willfully and intentionally confuse, mislead, and deceive members of the public.

98.     Defendants' actions have and are likely to continue to dilute, blur and tarnish the distinctive quality of the NILIGHT Trademarks, and lessen the capacity of the NILIGHT Trademarks to identify and distinguish the company's products.

99.     Defendants' acts constitute willful trademark dilution pursuant to 15 U.S.C. §

1125(c), and NILIGHT has been, and is likely to continue to be, damaged by these acts.

100.    Unless Defendants are restrained, NILIGHT will continue to suffer damages and injury to its reputation and goodwill. It will further suffer other economic losses.

## COUNT IV COMMON LAW UNFAIR COMPETITION

101.    Plaintiff hereby adopts and re-alleges the allegations set forth in the preceding paragraphs.

102.    This is an action against Defendants based on their promotion, advertisement, distribution, sale, and/or offering for sale of goods using marks which are virtually identical, both visually and phonetically, to the NILIGHT Trademarks in violation of Texas' common law of unfair competition.

103.    Specifically, Defendants are promoting and otherwise advertising, selling, offering for sale and distributing goods bearing counterfeits and infringements of the NILIGHT Trademarks. Defendants are also using counterfeits and infringements of the NILIGHT Trademarks to unfairly compete with Plaintiff for (i) space in search engine results across an array of search terms and/or (ii) visibility on the World Wide Web.

104.    Defendants' infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' products by their use of the NILIGHT Trademarks.

105.    Plaintiff has no adequate remedy at law and is suffering irreparable injury and damages as a result of Defendants' actions.

## COUNT V COMMON LAW TRADEMARK INFRINGEMENT

106.    Plaintiff hereby adopts and re-alleges the allegations set forth in the preceding paragraphs.

107.    This is an action for common law trademark infringement against Defendants based on their promotion, advertisement, offering for sale, and sale of their Counterfeit Goods bearing the NILIGHT Trademarks. Plaintiff is the owner of all common law rights in and to the NILIGHT Trademarks.

108.    Specifically, Defendants, upon information and belief, are promoting and otherwise advertising, distributing, offering for sale, and selling goods bearing infringements of the NILIGHT Trademarks.

109.    Defendants' infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and general consuming public as to the origin and quality of Defendants' Counterfeit Goods bearing the NILIGHT Trademarks.

110.    Plaintiff has no adequate remedy at law and is suffering damages and irreparable injury as a result of Defendants' actions.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.    That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. using the NILIGHT Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not Plaintiff's Products or is not authorized by Plaintiff to be sold in connection with the

   NILIGHT Trademarks;

20

b. using the NILIGHT Trademarks or any reproduction, counterfeit, copy, or colorable imitation of the same, in any manner likely to cause others to believe that Defendants' products are approved by Plaintiff;

c. passing off, inducing, or enabling others to sell or pass off any product as Plaintiff's Products or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the NILIGHT Trademarks;

d. committing any acts calculated to cause consumers to believe that Defendants' Unauthorized Products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the NILIGHT Trademarks, or any reproductions, counterfeit copies or colorable imitations thereof;

f. disposing of, destroying, moving, secreting, relocating, and/or transferring any and all of Defendants' Unauthorized Products, without Court direction; and

g. assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs; 2. Enter an Order, upon Plaintiff's request, those with notice of the injunction, including without limitation, any online marketplace platforms such as eBay

21

and Amazon (collectively, the "Third Party Providers") shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the NILIGHT Trademarks;

3.      Enter an Order that Defendants and any and all persons controlled by or acting in concert with Defendants to be required to deliver up to Plaintiff for destruction all goods, packages, and any other written or printed materials (including electronic files) that bear or depict the NILIGHT Trademarks, or any reproduction, counterfeit, copy, or colorable imitation of the same, or that are otherwise in violation of this Court's order issued pursuant hereto, and all means for making the same;

4.      For Judgment in favor of Plaintiff against Defendants that they have willfully infringed Plaintiff's rights in its federally registered trademarks, pursuant to 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a) and (c);

5.      That Plaintiff be awarded actual damages, statutory damages, and/or other available damages, at the election of Plaintiff; and that the amount of damages for infringement are increased by a sum not to exceed three times the amount thereof as provided by 15 U.S.C. § 1117;

6.      Find that this is an exceptional case and award Plaintiff the attorneys' fees, costs, and disbursements, with interest, expended in connection with any actions taken to investigate and confirm the claims made herein pursuant to 15 U.S.C. § 1117 or otherwise by law;

7.      Award Plaintiff pre-judgment and post-judgment interest on each and every monetary award; and

8.      Award any and all other relief that this Court deems just and proper.

## JURY DEMAND

22

23

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted,


Date:  April 15, 2026                                    /s/ Thomas Tatonetti

Thomas Tatonetti
Tatonetti IP
569 77th Street
Brooklyn, NY 11209
(917) 684-2684
***Attorney for Plaintiff***